### 5178. BUNN *et al. v.* BAGLEY.

1. An exception based upon the ground that the finding of the jury is contrary to the charge of the court upon a particular point presents nothing more for the consideration of a court of review in this State than the usual general assignment that the verdict is contrary to law.

2. A verdict in favor of either party in this case would have been supported by evidence; and since this court is without jurisdiction to set aside a verdict supported by evidence, it can not be held that the lower court erred in refusing to grant a new trial on motion of one of the parties, upon the ground that he introduced sufficient evidence to have authorized a finding in his favor.

DECIDED DECEMBER 9, 1913.

Complaint; from city court of Waycross—Judge McDonald. August 7, 1913.

*J. R. Walker, Andrew B. Estes,* for plaintiffs.

*Wilson, Bennett & Lambdin, A. B. Spooner,* for defendant.

RUSSELL, C. J. Suit was brought in the city court of Waycross for $3,482.50, besides interest, on an account for money and labor furnished to improve a piece of property in Waycross, the money and labor having been furnished upon the understanding that on completion of the house the defendant would give a lien upon the real estate thus improved as security for the advances made. In his answer the defendant admitted the correctness of the plaintiffs' account, but pleaded as set-off that he had sold to them a certain house and lot in Waycross for $4,868, the plaintiffs agreeing to pay him the amount of the difference between that sum and the account sued on in this case, which difference was $1,385. The

evidence was in direct conflict, but, besides the direct proof, there were certain circumstances which authorized the finding of the jury, which was in favor of the defendant's set-off. In proof of this set-off the defendant put in evidence a warranty deed executed by himself to J. R. & T. Bunn, the plaintiffs, and a bond for title executed on the same date by J. R. & T. Bunn, obligating themselves to convey the property in question to one Lewis, and also proof that the purchase-price, $4,868, was, shortly after the alleged sale, entered as a credit in favor of the defendant upon the books of J. R. & T. Bunn. The defendant showed also that among the items charged against him on the plaintiffs' books was one of $274, for commission paid by them in his behalf to one Youmans, and there was parol evidence that this commission was on the identical sale which the defendant claims he made, and which he claims was represented by the deed from himself to the Bunns. The payment of $4,868 (whether the sale of the lot was made by the defendant himself, as insisted by him, or was made by the Bunns, as indicated by the bond for title given by them) was to be made by transfer of two notes of the Ensign Lumber Company, of $2,400 each, with accrued interest; and the evidence is undisputed that these two notes were turned over to the plaintiffs, and were never at any time in the possession of the defendant. The jury, therefore, had evidence before it in corroboration of the defendant's statement that the contract between himself and the plaintiffs, in reference to the Waycross property, was one of sale, and not a mere security for his indebtedness to the plaintiffs,—the written contracts, the possession by the plaintiffs of the notes given for the purchase-money, and the fact that ordinarily it would be unlikely that one would pay a commission to a real-estate agent for a sale unless it was in fact a sale which was accomplished and completed. The plaintiffs admitted the charge on their books for the commission paid to Youmans; and their explanation of the letter written by one of their employees may be the truth of the case; but this court can not pass upon the credibility of witnesses, or the weight of the testimony. A careful review of the evidence shows that the verdict is fully supported, although, had the jury preferred the testimony in behalf of the plaintiffs, an opposite finding would have been sustained by law. The only ground of the motion for a new trial besides the usual grounds that the verdict

is contrary to evidence and contrary to law is one in which it is contended that the verdict was contrary to certain instructions of the court to the jury, which are quoted. As has been repeatedly ruled, an assignment of error upon the ground that the finding of the jury is contrary to the charge of the court presents nothing more for the consideration of a reviewing court than the general assignment of error that the verdict is contrary to law. The charge of the learned trial judge was a very clear and correct exposition of the principles pertinent to the issue. The issue was one purely of fact, and, as has been repeatedly held by this court, we are without jurisdiction to overturn the finding of the jury merely because a finding in behalf of the losing party would have been supported if the jury had so found.      *Judgment affirmed.*